NUMBER 13-05-761-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

THE STATE OF TEXAS ,                                            Appellant,

 

                                           v.

 

ROBERT
PEREZ,                                                        Appellee.

 

 

 

                  On appeal from the 117th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

        Before Chief Justice Valdez and Justices Rodriguez
and Castillo 

                        Memorandum Opinion by Justice Castillo

 








Appellee Robert Perez
was indicted for the offense of possession of marihuana.[2]  The trial court granted Perez's motion to
suppress.  The State appeals.[3]  By one point of error, the State asserts that
the trial court abused its discretion in suppressing evidence obtained after a
valid traffic stop made on objective grounds even if the officer had a
subjective motive for the stop.  We
affirm.

I.  Background

Perez filed a motion
seeking to suppress the marihuana obtained after a search incident to a traffic
stop.  He asserted as grounds that the
warrantless stop was made without probable cause or reasonable suspicion.  The trial court convened a hearing. The sole
witness to testify was Officer Rusty Young of the Tri-County Narcotics Task
Force ("TCNTF").  After the
defense stipulated to his qualifications as a certified peace officer, Officer
Young testified that, in that capacity, his primary duty was to work on drug
cases but he had authority to enforce State laws and was familiar with the Texas
Transportation Code.   








Officer Young further
testified that, on June 21, 2004, he received a request to assist other TCNTF
officers  who were maintaining
surveillance on Perez's blue Ford Ranger pickup for possible possession of a
large quantity of marihuana.   In a
marked unit, Officer Young followed Perez when Perez entered the highway at
approximately 7:00 p.m.  He observed
Perez traveling westbound on SPID and following too closely behind another
vehicle, in the middle lane of the three lane roadway.  At the time, traffic was moderate to
heavy.  Officer Young used the
"two-second rule"[4]
to verify his observations and determined that Perez was probably one second or
less behind the other vehicle.  As the
officer followed Perez, he noticed Perez "would not back off" the
other vehicle.  Officer Young determined
that, if the vehicle in front of Perez's vehicle were to abruptly stop, Perez
could not stop in time to avoid a collision nor could Perez move from his lane
because of traffic on either side of his lane. 
Officer Young allowed Perez an opportunity to correct the traffic
violation,  but Perez did not do so.  Officer Young activated the emergency lights
on the unit to stop Perez for following too closely which, he testified, was a
violation of the Texas Transportation Code. 


On cross-examination,
Officer Young acknowledged that other task force agents doing surveillance on
Perez that day relayed information that Perez's blue Ford Ranger may contain
drugs.  He testified he was not on traffic
duty that day and he appeared when called by fellow agents conducting the
surveillance on Perez.   Officer Young
also testified he had probable cause to stop based on Perez's following a
vehicle too closely.  Officer Young
further testified as follows:

Q.  So in other words, you were basically in the
vicinity of Mr. Perez because of his suspected involvement with drugs?

 

A.  That's correct.








Officer Young further
testified that Perez did not have his driver's license or proof of
insurance.  On redirect examination, he
testified that, regarding issuing traffic citations, he had the discretion
"to stop them, write them a citation, or release them" or issue a
warning.  In this case, he did not recall
whether he issued citations.  

The trial court
granted the motion to suppress without entering findings of fact or conclusions
of law or stating a basis for its decision. 
The State maintains that Officer Young's testimony was sufficient to
establish a validly objective traffic stop even if he had a subjective motive
for the stop.  The State asserts that the
officer provided specific articulable facts to justify his reasonable suspicion
for the traffic stop.   Perez counters
that the trial court chose to disbelieve the officer's testimony that a traffic
violation in fact occurred.       

II.  Standard of Review








The job of an
appellate court in cases such as the one before us is to review the decision of
the lower court for an abuse of discretion. 
State v. Dixon, PD-0077-05, 2006 Tex. Crim. App. LEXIS 363, *6‑7
(Tex. Crim. App., February 15, 2006).  We
view the record in the light most favorable to the trial court's conclusion and
reverse the judgment only if it is outside the zone of reasonable
disagreement.  Id. at 7.  We will sustain the lower court's ruling if
it is reasonably supported by the record and is correct on any theory of law
applicable to the case.  Id.  (citing Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990)).  We
give almost total deference to a trial court's express or implied determination
of historical facts and review de novo the court's application of the law of
search and seizure to those facts.   Id.
(citing State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000), Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000), and Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).[5]  Because the trial court was in a better
position to evaluate the credibility and demeanor of the witness, we view the
evidence in the light most favorable to the trial court's decision to grant the
motion to suppress.  See Ross,
32 S.W.3d at 855.  Although the trial
court deserves deference even when credibility is not in issue, deference is
especially appropriate when credibility is involved.   Kelly v. State, 163 S.W.3d 722, 727
(Tex. Crim. App. 2005).  In short, the
factfinder is empowered, on the basis of credibility and demeanor evaluations,
to completely disregard a witness's testimony, even if that testimony is
uncontroverted.  Id.;  Wyatt v. State, 23 S.W.3d 18, 23 (Tex.
Crim. App. 2000).  The trial court is
free to believe or disbelieve any or all parts of a witness's testimony.  Dewberry v. State, 4 S.W.3d 735, 747
(Tex. Crim. App. 1999).            

III.  Discussion













We must determine
whether we may uphold a trial court's decision to suppress evidence as within
its discretion, instead of de novo, because the trial court might have
disbelieved some or all of the State's uncontroverted evidence.  See Ross, 32 S.W.3d at 854.  In this case, we see two possible theories
upon which the trial court's ruling may rest. 
Either the testimony of the officer was credible, but the facts
established by that testimony do not constitute probable cause (or reasonable
suspicion for the stop) or the trial court did not find the testimony of the
agent to be credible.  We conclude that
Officer Young's testimony, if believed, added up to reasonable suspicion for
the stop and probable cause for the eventual arrest.[6]  Accordingly, we will not presume that the
trial court impliedly found that the facts simply did not add up to reasonable
suspicion or probable cause because to do so would be to presume error.   See id.    The trial court, however, was free to
disbelieve all of the officer's testimony.  
Id.  As the sole trier of
facts and judge of credibility, the trial court was not compelled to believe
the officer's testimony, even if uncontroverted, based on credibility and
demeanor.  Id.   Because
the evidence, if believed, would compel a denial of the motion to suppress, the
record supports the second theory that the trial court did not find the
officer's testimony to be credible based on demeanor, appearance, and tone.[7]  Id. 
"Given the absence of any factual findings, the appellate
presumption of the regularity of a trial court's judgment, and which party had
the burden of proof, the trial court's implied factual findings were
dispositive of the ultimate constitutional question of probable
cause."  Id. at 857  (citing Villarreal v.State, 935 S.W.2d
134, 140 (Tex. Crim. App. 1996)).  We
conclude that this case falls within the second category of review under Guzman
and apply the "almost total deference" standard of review.   We conclude that the trial court was within
its discretion in disbelieving the testimony of the officer and granting the motion
to suppress.  Id.  

IV.  Conclusion

We conclude that the
trial court could have reasonably granted the motion to suppress on the theory
that it disbelieved the uncontroverted testimony before it.   See Ross, 32 S.W.3d at 854.   We overrule the State's sole point of error
and affirm.   

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 8th day of June, 2006.











[1]See Tex.
R. App. P. 47.2, 47.4.





[2]The indictment alleged that, on or
about June 21, 2004, Perez knowingly and intentionally possessed a usable
quantity of marihuana in an amount of fifty pounds or less but more than five
pounds.  See Tex. Health & Safety Code _481.121 (Vernon 2003).





[3]See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2005).  





[4]Officer Young testified that two
seconds is "usually a good round figure for somebody that's following
another vehicle."  He also testified
that as the speed increases the following distance must also increase.





[5] Under Guzman, the relevant
standard of review depends on the type of question presented.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  We must afford
almost total deference to the trial court's determination of the historical
facts that are supported by the record, especially where the determination is
based on an evaluation of credibility and demeanor.  Id. 
We also afford almost total deference to the trial court's application
of the law to the facts, where the application turns on an evaluation of credibility
and demeanor.  Id.  Where the application of the law to the facts
does not revolve around an evaluation of credibility and demeanor, we review
the issue de novo. Id.  However,
in such a case we still afford deference to the trial court's determination of
the subsidiary fact questions.  Id.





[6]In order to detain an individual,
an officer must have reasonable suspicion that the individual is or was
involved in some sort of criminal activity. 
Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983). In
situations involving anonymous tips, for example, a police officer's prior
knowledge, experience, and corroboration of the details may be considered to
aid the determination of reasonable suspicion.  Alabama v. White, 496 U.S. 325, 331‑32
(1990); see Davis v. Texas, 989 S.W.2d 859, 864 (Tex. App.BAustin 1999, pet. ref'd).

 





[7]The nature of demeanor and
credibility is not such that it would readily appear in the record.  State v. Ross, 32 S.W.3d 853, 857
(Tex. Crim. App. 2000).  Demeanor and
credibility assessments are based in large part on visual and audio
observations and are not usually found in the record.  Id. 
A presence or absence of contradiction or inconsistency in the record is
not therefore dispositive.  Id.